**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

**No. 24-2096**

───────────────

BROOKE OLIVIA HILL, as duly appointed Administratrix of the Estate of C.R.M.,

Plaintiff - Appellant,

v.

ORLANDO MAYNARD, individually and officially; TOWN OF ELON, NORTH CAROLINA,

Defendants - Appellees.

───────────────

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., District Judge.  (1:23-cv-00479-WO-JEP)

───────────────

Submitted:  November 18, 2025                    Decided:  November 25, 2025

───────────────

Before WILKINSON, KING, and THACKER, Circuit Judges.

───────────────

Affirmed by unpublished per curiam opinion.

───────────────

**ON BRIEF:**  James Rainsford, Jason Murphy, COLEMAN, MERRITT, MURPHY & RAINSFORD, P.C., Hillsborough, North Carolina, for Appellant.  J. Nicholas Ellis, Sydney P. Davis, POYNER SPRUILL LLP, Rocky Mount, North Carolina, for Appellee Town of Elon, North Carolina.  Todd A. Smith, SMITH GILES PLLC, Graham, North Carolina, for Appellee Orlando Maynard.

───────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Brooke Hill appeals the district court's order denying relief on her 42 U.S.C. § 1983 amended complaint.  On appeal, she challenges the district court's determinations that the individual defendant did not act under color of state law and that municipal liability did not attach to the city defendant.  We affirm.

We review de novo a district court's grant of a Fed. R. Civ. P. 12(b)(6) motion. *Blair v. Appomattox Cnty. Sch. Bd.*, 147 F.4th 484, 491 (4th Cir. 2025).  A complaint must contain only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  To survive a motion to dismiss, however, a plaintiff's allegations must "state[] a plausible claim for relief" that "permit[s] the court to infer more than the mere possibility of misconduct" based upon "its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (citation modified); *see Wag More Dogs, LLC v. Cozart*, 680 F.3d 359, 365 (4th Cir. 2012) ("At bottom, a plaintiff must nudge [her] claims across the line from conceivable to plausible to resist dismissal." (citation modified)).  When ruling on a Rule 12(b)(6) motion, a court must accept as true the factual allegations contained in the complaint "and draw all reasonable inferences in favor of the plaintiff." *Blair*, 147 F.4th at 491 (citation modified).  The court "need not accept legal conclusions couched as facts or unwarranted inferences, unreasonable conclusions, or arguments." *Id.* (citation modified).

2

Section 1983 states that

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any . . . person . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law.

42 U.S.C. § 1983. Therefore, to prevail on her § 1983 claim, Hill had "to show that: (1) . . . Defendants deprived [C.M] of a constitutional right; and (2) . . . Defendants did so under color of State statute, ordinance, regulation, custom, or usage." *Peltier v. Charter Day Sch. Inc.*, 37 F.4th 104, 115 (4th Cir. 2022) (citation modified); *see also Goldstein v. Chestnut Ridge Vol. Fire Co.*, 218 F.3d 337, 341 (4th Cir. 2000) (recognizing that § 1983 "liability is imposed only for deprivations carried out under color of law" (citing *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 156 (1978))).

"The color of law requirement excludes from the reach of § 1983 all merely private conduct, no matter how discriminatory or wrongful." *Rossignol v. Voorhaar*, 316 F.3d 516, 523 (4th Cir. 2003) (citation modified). But § 1983 does "include[] within its scope apparently private actions which have a 'sufficiently close nexus' with the State to be 'fairly treated as that of the State itself.'" *Id.* (quoting *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 351 (1974)). In making this distinction, "there is no bright-line rule separating state action from private action." *Peltier*, 37 F.4th at 116; *see Lindke v. Freed*, 601 U.S. 187, 197 (2024) ("The distinction between private conduct and state action turns on substance, not labels . . . ."). Rather, "the inquiry is highly fact-specific in nature," and "the state action analysis lacks rigid simplicity"; "thus, a range of circumstances can support a

3

finding of state action." *Peltier*, 37 F.4th at 116 (citation modified); *see Lindke*, 601 U.S. at 197.

We have conducted a fact-specific inquiry and reviewed the parties' briefs and the record on appeal. We find no reversible error in the district court's conclusion that the individual defendant did not act under color of state law and that, with no constitutional violation, the city defendant cannot be held liable. Accordingly, we affirm the district court's order. *Hill v. Maynard*, No. 1:23-cv-00479-WO-JEP (M.D.N.C. Sep. 30, 2024). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

4